IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

CELIDA J. DIAZ

    Plaintiff,

vs.

TAYLOR ORTHODONTIC SPECIALISTS, P.A.
and RONALD S. TAYLOR

    Defendants
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, Celida J. Diaz ("Diaz"), sues Defendants, Taylor Orthodontic Specialists, P.A. and Ronald S. Taylor ("Taylor") and states as follows:

### Jurisdiction

1. This is an action for damages which exceeds $15,000.00 exclusive of attorneys' fees, interest and costs.

2. Venue is proper in Palm Beach County, Florida since the Defendants do business in Palm Beach County and since all of the claims accrued in Palm Beach County, Florida.

### The Parties/Participants

3. Diaz is an individual residing in Broward County, Florida and is *sui juris*. Diaz was at all material times hereto an employee of Taylor.

4. Taylor, does business in South Florida at 9181 Glades Road, Boca Raton, FL 33434.

EXHIBIT "A"

## General Allegations

5. This is an action seeking recovery of unpaid overtime compensation owed to Plaintiff and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq*, as amended.

6. At all times material hereto, Plaintiff was and is a residents of the State of Florida and was employed by Defendants.

7. At all times material hereto, Defendant was doing business in the State of Florida and was regularly engaged in activities that involved interstate commerce. Moreover, at all times material hereto, each Defendants had annual gross sales or business in an amount not less than $500,000.00. By reason of the foregoing, each Defendant was and is an "employer" within the meaning of Section 3(d) of the FLSA.

8. On many occasions throughout her employment with Defendants, Plaintiff worked in excess of forty hours per week and was not paid overtime.

9. Plaintiffs has retained the undersigned law firm in this matter and has agreed to pay it a reasonable fee for its services.

## Count I-FLSA
## (Overtime Compensation)

10. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 9 by reference.

11. In several workweeks during the relevant period, Plaintiff, worked, in excess for forty(40) hours per week for Defendants. In these workweeks, Plaintiff, was not paid overtime compensation as is required by Section 207 of the FLSA.

EXHIBIT "A"

12. As a direct and proximate result of Defendants' failure to pay overtime compensation, Plaintiff has been damaged in the loss of wages and has incurred and is incurring reasonable attorney's fees.

13. Defendants' failure to pay overtime was deliberate, willful and without good faith or any legal justification. Consequently, Plaintiff, is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation, and may seeks recovery dating back three (3) years from the filing of this action.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages (unpaid overtime), liquidated damages (double damage) and attorneys' fees and court costs pursuant to the FLSA and for such other and further relief as this Court deems just and proper.

### Count II - Breach of Oral Contract

Plaintiff reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

14. Plaintiff and Defendants entered into an oral agreement for Plaintiff to be paid certain compensation.

15. In consideration of the performance of her services, Taylor was to pay Plaintiff her compensation.

16. Taylor breached the agreement with Plaintiff by failing to pay compemnation to her.

17. By virtue of Taylor's breach of the agreement, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Taylor for damages, together

3

EXHIBIT "A"

with interest, court costs, attorneys' fees in accordance with Fla. Stat. § 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count III - Unjust Enrichment (Services Performed)

Plaintiff reavers and realleges paragraphs 1 through 9 as if fully set forth herein and further alleges:

18. Plaintiff has conferred benefits and performed services for Taylor. Taylor has knowledge of the benefits and services provided to it.

19. Taylor voluntarily accepted and retained the benefits conferred upon it by Plaintiff without paying her compensation.

20. Taylor's retention of the benefits and services conferred upon it by Plaintiff would be inequitable unless Taylor pays to Plaintiff the value of the services conferred upon it.

21. Plaintiff does not otherwise have an adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Taylor for damages exclusive of interest, court costs, attorneys' fees in accordance with Fla. Stat § 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

EXHIBIT "A"

## Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

> Behren Law Firm
> 2893 Executive Park Drive, Suite 110
> Weston, FL 33331
> Phone: (954) 636-3802
> Facsimile: (772) 252-3365
> Scott@behrenlaw.com
>
>
> By:/ Scott M. Behren/
>      Scott M. Behren
>      Fla. Bar No. 987786

EXHIBIT "A"